

**FILED**
JN DEC X 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PATTERN MAKERS WELFARE FUND OF CHICAGO AND VICINITY,　　　　)<br>)<br>)<br>)<br>Plaintiff,　　　　　)<br>)<br>v.　　　　　　　　　　)<br>)<br>ARROW PATTERN & FOUNDRY CO.,　)<br>an Illinois Corporation,　　　　　)<br>)<br>Defendant.　　　) | 07CV6831<br>JUDGE MORAN<br>MAG. JUDGE ASHMAN |

## COMPLAINT

Plaintiff, Board of Trustees of the Pattern Makers Welfare Fund of Chicago and Vicinity, in their capacity as fiduciary of the Pattern Makers Welfare Fund of Chicago and Vicinity, by their attorneys, Hugh B. Arnold and Steven F. McDowell, complain against the Defendant, Arrow Pattern & Foundry Co, as follows:

1. Jurisdiction over this action is based upon Section 301 of the Labor Management Relations Act (LMRA), as amended, 29 U.S.C. Section 185, upon Sections 502(c)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132(c)(3) and 1132(e)(1).

2. Venue is founded, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132(e)(2), in this District where the Pattern Makers Welfare Fund of Chicago and Vicinity (hereinafter "Welfare Fund") is administered, where Defendant resides and where any breach took place.

3. The Plaintiff, Board of Trustees of the Pattern Makers Welfare Fund of Chicago and Vicinity is a fiduciary and the plan sponsor of the Pattern Makers Welfare Fund of Chicago and Vicinity, and, as fiduciary of the Welfare Fund under 29 U.S.C. § 1002(21)(A), has standing to bring suit under 29 U.S.C. § 1132(c)(3).

4. The Welfare Fund is maintained and administered in accordance with and pursuant to Section 302 of the National Labor Relations Act, as amended, 29 U.S.C. § 186, the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et. seq., and other applicable state and federal law. The Welfare Fund is administered by the Plaintiff, Board of Trustees, pursuant to the terms and provisions of the Trust Agreement which establishes the Welfare Fund.

5. Defendant, Arrow Pattern & Foundry Co. (hereinafter Arrow), is an Illinois corporation, with its principal office located at 9725 S. Industrial Drive, Bridgeview, Illinois. Defendant, Arrow, is an employer engaged in an industry affecting commerce within the meaning of Sections 2(2), 2(6) and 2(7) of the LMRA, 29 U.S.C. §§ 152(2), 152(6) and 152(7), and Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11) and 1002(12).

6. Since at least July 1, 2007, and continuing through the present, Arrow has been bound to one or more collective bargaining agreements with the International Association of Machinists and Aerospace Workers, AFL-CIO which obligate Arrow to make contributions to the Welfare Fund.

7. From July 1, 2007 to the present, Defendant, Arrow, has made some but not all of the contributions due to the Welfare Fund. In addition, Arrow has withheld or

accepted payment of amounts from employees toward Welfare Fund coverage and has not forwarded those amounts to the Welfare Fund.

8. Defendant, Arrow, has violated its collective bargaining agreement by failing to make all of the contributions due to the Welfare Fund under the terms of the collective bargaining agreement. Specifically, Arrow has failed to make contributions due for the month of August and September 2007 and has withheld or accepted payments of amounts from employees toward Welfare Fund coverage and has not forwarded those amounts to the Welfare Fund.

9. Under the Trust Agreement governing the Welfare Fund, to which Defendant is bound, the Board of Trustees is permitted to audit the records of participating employers to determine the extent of the participating employers' compliance with their contractual obligations to contribute to the Welfare Fund.

WHEREFORE, Plaintiffs pray for relief as follows:

A. That Defendant, Arrow Pattern & Foundry Co., be ordered to submit all necessary books and records to an accountant selected by Plaintiff for the purpose of conducting a fringe benefit compliance audit for the period from July 1, 2007 through the date of the audit and that judgment be entered for Plaintiff and against Defendant, Arrow Pattern & Foundry Co., in the full amount due by the audit conducted by Plaintiff's accountant.

B. Alternatively, that judgment be entered for Plaintiff and against Defendant in the full amount demonstrated by report forms submitted, with the right to perform an audit for the relevant period preserved for future proceedings.

C. That Plaintiff be awarded liquidated damages, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the trust agreement, in the amount of 10% of the contributions found due pursuant to the audit.

D. That Plaintiff be awarded its costs herein, including reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest as provided for by the applicable agreements and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

E. That the Court grant Plaintiff such other and further relief as it may deem appropriate in the circumstances.

BOARD OF TRUSTEES OF THE
PATTERN MAKERS WELFARE FUND
OF CHICAGO AND VICINITY,

_____
By One of Their Attorneys

Hugh B. Arnold
Steven F. McDowell
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415