FILED
JUNE 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, etc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 6831 |
| vs. ) | Judge Moran |
| ) | Magistrate Judge Ashman |
| ARROW PATTERN & FOUNDRY CO., ) | |
| and JOHN KUCHAY, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

Defendants, ARROW PATTERN & FOUNDRY CO., an Illinois corporation, and JOHN KUCHAY, by their undersigned counsel, hereby respectfully answer the amended complaint herein as follows:

1. Defendants admit the allegations contained in paragraph 1 of the amended complaint relating to the subject matter jurisdiction of this Court.

2. Defendants admit the allegations contained in paragraph 2 of the amended complaint relating to proper venue having been laid in this Court.

3. Defendants admit, on information and belief, the allegations contained in paragraph 3 of the amended complaint relating to the status of plaintiff Board of Trustees as plan sponsor and fiduciary having standing to sue under the statutes invoked.

4. Defendants admit, on information and belief, the allegations contained in paragraph 4 that the Welfare Fund is properly maintained and administered in accordance with applicable law and pursuant to a Trust Agreement.

5. Defendants admit the allegations contained in paragraph 5 relating to the corporate defendant including that it is an employer within the meaning of the statutes cited.

6. Defendants admit the allegations of paragraph 6 concerning the individual defendant, president of the corporate defendant.

## ANSWER TO COUNT I

7. Defendants admit the allegations of paragraph 7 relating to Arrow Pattern & Foundry Co. (hereinafter "Arrow Pattern" or "Arrow") and its contractual relations with said union and obligations to the Welfare Fund.

8. Defendants admit the allegations contained in paragraph 8, but further answering, affirmatively states that at all times it has acted in good faith in attempting to pay overdue contributions as soon and as fully as its recently straitened economic circumstances permitted. Furthermore, while forwarding of some monies from employees has been delayed none of those monies has been withheld beyond a temporary period or diverted to any other purpose and has been forwarded as soon as funds sufficed for the purpose of making substantial payments.

9. Defendants admit that plaintiffs have the right to conduct audits, to which defendant Arrow has willingly submitted, having always acted cooperatively in the interest of achieving and maintaining full compliance with all of its obligations.

WHEREFORE, defendants pray that they have all relief to which they may be entitled on the premises.

## ANSWER TO COUNT II

1-9. Defendants repeat and reallege each and every allegation contained in their answer to paragraphs 1 through 9 inclusive with the same force and effect as if fully set forth herein.

10. Defendants admit the allegations of paragraph 10 of the amended complaint.

11. Defendants admit the allegations of paragraph 11 of the amended complaint.

12. Defendants admit the allegations of paragraph 12 of the amended complaint, except that they deny the specific amounts of the delinquencies alleged therein, that they haven't made specific payments as alleged, and that acceleration occurred as alleged.

WHEREFORE, defendants pray that they have all relief to which they may be entitled on the premises.

## ANSWER TO COUNT III

1-12. Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 12 inclusive of their Answer to Count II with the same force and effect as if fully set forth herein.

13. Defendants admit the allegations of paragraph 13 of Count III.

14. Defendants admit the allegations of paragraph 14 of Count III.

15. Defendants admit that said defendant signed said installment note as alleged.

16. Defendants admit only that the installment note speaks for itself and must be read as a whole.

17. Defendants admit that said defendant is obligated on said note, but they deny the specific amount of indebtedness cited and urge, affirmatively, that defendants are doing their utmost to settle, compromise and resolve any and all debts that may be owed to the plaintiffs in their entirety as well as to keep in their employ as many beneficiaries of said trust as possible, generating such income as is needed to continue funding said trust for the benefit of all its beneficiaries.

WHEREFORE, defendants pray that they have all relief to which they may be entitled on the premises.

/s/ Thomas Brejcha
Attorney for defendants

Of Counsel:
Thomas Brejcha
Law Office of Thomas Brejcha
29 So. LaSalle St., Suite 440
Chicago, Illinois 60603
ARDC #0288446
Tel. 312-782-1680
Fax 312-782-1887
brejcha@aol.com